IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                        Case No. 1:21-mj-99 KWR

MARTIN ERIACHO,

    Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Appeal from Detention Order, filed February 10, 2021 **(Doc. 21)**. The Court, having reviewed the Parties' pleadings, the transcript of the detention hearing, and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required); *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed.") (emphasis added). Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, the transcript of the detention hearing, and the parties' pleadings, the Court finds Defendant's Notice of Appeal is not well taken and, therefore, is **DENIED.**

### BACKGROUND

Defendant allegedly shot an unarmed man in the elbow. Defendant was charged with assault and discharging a firearm during a crime of violence. An evidentiary detention hearing was held, and Judge Yarbrough entered an order detaining Defendant pending trial, finding by

clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. **Doc. 23.** Judge Yarbrough issued extensive oral findings and conclusions of law explaining why he believed Defendant was a danger to the community and no combination of conditions could reasonably assure the safety of the community. **Doc. 23 at 30-34.**

An FBI special agent testified at the detention hearing. He interviewed several witnesses at the crime scene. He testified witnesses heard four-gun shots, one of which hit the victim in the arm. Several witnesses identified that Defendant was in his car and had a gun. Some said they saw the driver of the vehicle, Defendant, fire shots. The special agent testified that he gave Defendant a *Miranda* warning to Defendant and Defendant admitted that he shot the victim. Defendant admitted it was the "worst choice possible" and he would have to pay for it. The special agent found a gun in the driver's seat and found an expended round and three other empty casings in the car.

Defendant also stated that he felt he was in danger and was threatened by the victim. Judge Yarbrough did not find the self-defense argument persuasive and was not persuaded that he reasonably felt threatened. The people who allegedly threatened him didn't have guns but had knives. Moreover, Defendant was the driver of a vehicle more than 20 feet away. Defendant stated afterward that it was a bad decision. When he fired his first two shots, the victim was not even outside. Defendant fired two shots, which caused the victims to come outside the house to investigate. Defendant then fired two more shots, which struck the victim.

In his detention order, Judge Yarbrough found that the following reasons supported detention:

- Weight of the evidence against the defendant is strong
- Subject to lengthy period of incarceration if convicted

- Prior criminal history
- History of violence or use of weapons
- History of alcohol or substance abuse
- Lack of stable employment
- Prior failure to appear in court as ordered

Defendant has an extensive criminal history. He has approximately 32 charges, 13 of which are crimes of violence. He has had 11 bench warrants issued, some of which were for failures to appear. His history indicates he has failed to comply with conditions of supervision, probation, or release.

The pretrial services report recommended that Defendant be released to a halfway house with certain conditions. The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged and/or Defendant's conduct during arrest for instant offense
- Substance Abuse History
- Criminal History Including Record of Failure to Appear
- Lack of Verifiable, Legitimate Employment

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Prior Arrests and Convictions
- Substance Abuse History
- Violent behavior history
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- History/charge involving violence/domestic violence
- Safety concerns for the community or a specific individual

Defendant requests that he be released to a halfway house, placed on electronic monitoring, home detention, and curfew. He requests alcohol and drug testing and counseling for alcohol or substance abuse.

It has been more than 14 days since the Government filed its response, therefore the Court concludes that this matter is fully briefed. D.N.M.LR-Cr. 47.8(a).

**LEGAL STANDARD**

Defendant appeals Judge Yarbrough's detention order. "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

Defendant requested a hearing but did not explain why one was necessary. *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed."). As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United*

4

*States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## DISCUSSION

Defendant appeals Judge Yarbrough's detention order under 18 U.S.C. § 3145. Defendant argues he is presumed innocent and conditions of release can be fashioned to guarantee the safety of the community and his appearance. At the hearing he also asserted a self-defense argument. The § 3142(g) factors weigh heavily towards finding by a preponderance of the evidence that he is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure his appearance or the safety of the community.

I.   **Detention factors under § 3142(g)**.

   A.   **Rebuttable Presumption.**

The rebuttable presumption arises under 18 US.C. § 3142(e)(3) because there is probable cause that he committed an offense under 18 U.S.C. §924(c). Congress has imposed a rebuttable presumption that no combination of conditions for release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Defendant asserted strong community ties and self-defense. Judge Yarbrough noted that Defendant rebutted the presumption. Even if Defendant has rebutted the presumption, it remains a consideration when weighing the § 3142(g) factors.

   B.   **Nature and Circumstances of Crime Charged.**

Defendant is charged with assault and discharging a firearm during a crime of violence. 18 U.S.C. § 924(c). Defendant was under the influence of alcohol or methamphetamine and fired two shots. When residents came out to investigate he fired two more shots, hitting the victim in the

5

arm. These are serious violent charges and Defendant faces a minimum of 10 years if convicted under § 924(c). As Judge Yarbrough noted, this factor therefore weighs toward finding he is a danger to the community and a flight risk.

### C. Weight of the Evidence.

For the reasons stated by the Government, the weight of the evidence appears to be strong. There were three witnesses to the shooting, and law enforcement found the firearm and four spent casings in Defendants' vehicle. Moreover, after receiving a *Miranda* warning, Defendant confessed and admitted he made the "worst possible choice."

For the reasons stated by Judge Yarbrough, Defendant's self-defense claim is not strong. The evidence reflects that Defendant was the driver in a vehicle. Defendant fired two shots. The victim then exited the house, and Defendant fired two more shots, hitting the victim. Moreover, Defendant was in the driver's seat approximately twenty feet from the victim. Defendant admitted that the victim did not have a gun. Therefore, it does not appear that Defendant reasonably believed he was in imminent danger of death or great bodily harm. This factor weighs toward finding Defendant is a flight risk and a danger to the community.

### D. Defendant's history and characteristics.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant has a lengthy criminal history including many violent crimes. Defendant has been charged approximately thirty-two times, thirteen of which were violent in nature. He has had

6

eleven warrants issued for noncompliance with conditions of probation or release, including failure to appear in court.

The Court must also consider Defendant's "physical and mental health." 18 U.S.C. § 3142(g)(3)(A). Defendant reported no physical or mental issues, but it appears he has struggled with addiction.

Defendant appears to have strong community ties to the Zuni Pueblo, but admits he probably should not return there if released.

Defendant's history and characteristics strongly weigh toward finding he is a danger to the community and a flight risk.

### E. Danger to Community.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As explained above and in the background section, Defendant poses, by clear and convincing evidence, a danger to the community if released. Defendant's repeated crimes, violations of conditions of probation or release, and failures to appear all indicate that he is a danger to the community.

### F. Conditions of release will not reasonably assure safety of the community or his appearance as required.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as

7

required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests a combination of conditions of release, including release to a halfway house, electronic monitoring ,alcohol and drug testing, and counseling.  Given the strong weight of the evidence, the nature and circumstances of the charged offense, Defendant's probation and release violations,  and failures to appear, the Court doubts that any condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance.

Therefore, the Court finds by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a flight risk, and no combination of conditions of release could reasonably assure his appearance or the safety of the community.

## CONCLUSION

The Court finds Defendant's appeal of his detention order under § 3145 unpersuasive, for the reasons stated above.

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release could reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Notice of Appeal **(Doc. 21)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE