IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

    Case No:   1:21-cr-00595-KWR

MARTIN ERIACHO

    *Defendant.*

## CONSENT PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Defendant Martin Eriacho, pleaded guilty to the Indictment charging a violation of 18 U.S.C. 113 (a)(6) and 1153, that being Assault with a Dangerous Weapon, an Indian Country crime; and, a violation of 18 U.S.C. 924 (c)(1)(A)(ii), that being Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Brandishing a Firearm in Furtherance of Such Crime.

WHEREAS the Defendant Martin Eriacho agrees to forfeit to the United States all of his right, title, and interest in the following property:

  A. A Taurus .38 revolver, serial number TD26249; and

  B. One REM-VML .38 bullet

(hereafter referred to as Subject Property).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1. Pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(1), the Subject Property is hereby forfeited to the United States.

  2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General and/or Secretary of the Treasury (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

  3. Upon entry of this Order, the Attorney General and/or Secretary of the Treasury (or a

designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

    4. The United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6).

    5. Any person, other than the above named Defendant, asserting a legal interest in the Subject Property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

    6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

    8. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or

desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Courts disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

                                        KEA W. RIGGS
                                        United States District Court Judge

*/s/ Stephen R. Kotz*
STEPHEN R. KOTZ
Assistant U.S. Attorney

CONSENTED TO BY:

*Approved by e-mail 09/16/2022*
Martin Eriacho
Defendant

APPROVED BY:

*Approved by e-mail 09/16/2022*
Megan Mitsunaga, ESQ.
Attorney for Defendant

3